## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DINAH L. CRAWLEY, | ) | |
| | ) | Civil Action Number: |
| | ) | |
| Plaintiff, | ) | Jury Trial Demanded |
| v | ) | |
| | ) | |
| VANDERBILT MORTGAGE AND | ) | |
| FINANCE, INC a Foreign Corporation, | ) | |
| with Assumed Name of SILVERTON | ) | |
| MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Dinah L. Crawley(hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant VANDERBILT MORTGAGE AND FINANCE, INC a Foreign Corporation, with Assumed Name of SILVERTON MORTGAGE ("Vanderbilt") on behalf of herself, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1.   The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended

(hereinafter "FLSA"), and specifically provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff, of her lawful overtime wages.

2.   Plaintiff is employed by Defendant, working remotely as a salaried Underwriter III and is treated by Defendant as an exempt employee not subject to overtime provisions of the Fair Labor Standards Act.

3.   During the employment of Plaintiff, Defendant has committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.,

4.   Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6.   Venue is proper in the Northern District of Georgia under 28 U.S.C.   § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant isare subject to personal jurisdiction in this District.

**PARTIES**

7.   Plaintiff resides in Mableton in Cobb County, Georgia (within this District) and is a citizen of the United States.

8.   At all times material to this action, Plaintiff was an "employee" of Defendant, as shown on her W-2 Wage and Tax Statement for 2021, and as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.  Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which she has been employed by Defendant.

9.   Defendant Vanderbilt is a corporation formed under the laws of the State of Tennessee, and with the Assumed Name of SILVERTON MORTGAGE.

10. Silverton Mortgage, upon information and belief, is a Mortgage lender in Atlanta, Georgia Located in: Colony Square Address: 1201 Peachtree St NE #2050, Atlanta, GA 30361, and is the organization that originally issued Crawley the offer letter of employment and subsequently hired her.

11. Upon information and belief, Silverton Mortgage is a dba for Defendant Vanderbilt.

12. When inputting the Silverton Mortgage name to search the Georgia Secretary of State Business Search data base the information for SilverCraft, Inc. a Domestic Profit Corporation with a Principal Office Address of 1201 PEACHTREE STREET, NE, SUITE 2050, ATLANTA, GA, 30361, USA (the same address shown

above for Silverton Mortgage), appears.

13. Defendant conducts business within this State and District.

14. Defendant maintained either actual or constructive control, oversight and direction of Defendants' dba Silverton Mortgage including the employment and pay and other practices of that operation.

15. Defendant, although not registered with the Georgia Secretary of State, is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its Tennessee registered agent, CT Corporation System at CT Corporation System's Atlanta address of 1201 Peachtree St, NE, Atlanta, GA, 30361.

16. At all times material to this action, Vanderbilt was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

17. At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

18. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

19. Beginning on or about November 15, 2021, Plaintiff, pursuant to an offer letter on Silverton Mortgage stationery signed by Sam Moffitt, Director of HR,

began work remotely as an underwriter for Vanderbilt.

20. At all times relevant to this action Plaintiff has been at times required to work in excess of forty (40) hours a week.

21. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

22. At all times relevant to this action, Defendant had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis at which she was by law required to be paid.

23. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

24. Defendant is liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

25. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

26. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

27. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

28. Plaintiff demands a jury trial.

## COUNT I

29. Plaintiff repeats and incorporates by reference paragraphs 1-40 herein.

30. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

31. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203 and 207 of the FLSA.

32. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

33. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of her overtime  wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and, pursuant to § 216(b) of the FLSA, prays for the following relief:

A.   That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B.   That Plaintiff be awarded pre- and post-judgment interest;

C.   That Plaintiff be awarded reasonable attorneys' fees;

F.    That Plaintiff be awarded the costs and expenses of this action; and

G.    That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 7th day  of May, 2022.

MARTIN & MARTIN, LLP

By:    /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267